# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY RICE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13CV1171 HEA |
| INTERFOOD, INC, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, [Doc. No. 8] and Defendants' Motion for Sanctions, [Doc. No. 10]. Plaintiff has responded to the motions, and Defendant has filed a reply. Plaintiff filed a "Reply in Opposition to Defendants' Motion to Dismiss." For the reasons set forth below, the Motion to Dismiss is granted; the Motion for Sanctions is denied.

## Standard for Motion to Dismiss

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does

not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as

a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555).

**Facts and Background**

Defendants move to dismiss this action on the grounds that Count I of Plaintiff's Complaint is barred by the applicable statute of limitations; neither Defendant Neerhoff nor van Stipdonk were parties to the contract allegedly breached in Count II; and Count III, based on an alleged conspiracy fails because

there can be no conspiracy if there is no underlaying viable cause of action.

Plaintiffs brought this action against Defendants Interfood, Inc., "and its directors: Jason Medcalf, Dirk Neerhoff, Nick Sharp, and F.C.G.M. (Frank) van Stipdonk, alleging, as relevant for this motion the following:

The Complaint alleges that Interfood, Inc. was incorporated in Delaware in September 2006 by Steven E. Pozaric. Interfood is a wholly owned subsidiary of Interfood Holding B.V. Holding was a foreign business entity formed and existing under the laws of the Netherlands. Holding is the sole owner and sole Director of Tepco, B.V. Tepco is a foreign business entity formed and existing under the laws of the Netherlands.

Tepco and Plaintiff were shareholders in Waltepco Holding Company, an Indiana corporation which owns 100% of an Indiana corporation formed in 1994 named Interfood, Inc. (Interfood-IN).

Since 1994, Interfood-IN has been in the business of the distribution, marketing, sourcing, and sale of milk, milk powders, milk protein concentrates, anhydrous milk fat and blends, buttermilk, butter, cheese, lactose, whey powders, whey protein concentrates, whey protein isolates, casein, caseinate, and other dairy goods, products, and ingredients. Since that time, Interfood-IN has provided a number of services, including acting as a broker of the dairy goods, acting as a

trader of the dairy goods, purchasing the dairy goods, and entering into contracts for the purchase of the dairy goods from suppliers and then sells the dairy goods at a profit.

Interfood is also engaged in the dairy business.

Tepco and Plaintiff entered into a "Shareholders Agreement" dated June 1, 2003, which requires anyone in the "Group" (Holding owned companies similar to Interfood around the world) who wishes to buy and/or sell something in the United States or Canada, or to buy and/or sell U.S. or Canadian products anywhere, to do so through Interfood-IN. The Shareholders Agreement gives Interfood-IN exclusive rights for the entire Group . The contract was signed by van Stipdonk representing Tepco and Jack Engels representing Holding.

After forming "Interfood, Inc." in Delaware, Neerhoff and van Stipdonk focused their efforts on establishing the business of the new company, Interfood Inc. of Delaware, which was a competitor of Interfood-IN in the dairy business, and diverted Interfood-IN's opportunities to Interfood, Inc. of Delaware in breach of their fiduciary duties as Directors of Interfood-IN, which they claimed to be.

Plaintiff alleges that he became aware of this alleged breach in early 2004 and tried to resolve them with van Stipdonk and Neerhoff.

The Complaint further alleges that in August 2006, the Interfood-IN board

removed van Stipdonk as a director leaving Rice and Husmann as the entire board of Interfood-IN, which filed suit in Franklin County, Missouri in March 2006 to stop alleged violations of the Shareholders Agreement.

## Discussion

## Motion to Dismiss

In assessing "plausibility," as required under the *Twombly* and *Iqbal* standard, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.' " *Whitney v. Guys, Inc*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir.2003)). Thus, courts may consider "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir.2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir.2011)). A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of

the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n. 3 (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1357 (3d ed.2004)).

**Breach of Fiduciary Duties**

Plaintiff's breach of fiduciary duty claim is barred by the applicable Missouri statutes of limitations, which is controlling in this diversity case. *Zutz v. Case Corp.*, 422 F.3d 764, 774 (8th Cir.2005). Under Missouri law, there is a five-year statute of limitations for breach of fiduciary duty claims. Mo.Rev.Stat. § 516.120(4). This limitation begins to run when damage is sustained and capable of being discovered and not simply when a plaintiff learns of the injury or wrongful conduct. *Klemme v. Best*, 941 S.W.2d 493, 497 (Mo.1997). *Creative Marketing Associates, Inc. v. AT & T*, 476 F.3d 536 (8th Cir. 2007). The Complaint alleges that Plaintiff learned of the alleged breach in "early 2004" and began taking action to stop the alleged breach in 2006. At the very latest (although more accurately in 2004), Plaintiff's suit for breach of any fiduciary duty should have been brought within 5 years from 2006, *i.e.*, in 2011. Because this action was filed two years later in 2013, the claim is barred.

Plaintiff's belated argument that this is actually a claim "arising out of

contract" which therefore carries a ten year statute of limitation time period fails. The Complaint alleges a breach of fiduciary duty, a separate and distinct cause of action. Merely claiming it is a different cause of action does not transform the alleged claim into another viable claim. Wishing does not make it so.

**Parties to the contract allegedly breached**

Defendants argue that because they were not parties to the Shareholders Agreement, the breach of contract claim of Count II fails. The Court agrees. The Shareholders Agreement, which is attached as an exhibit to Plaintiff's Complaint establishes that the Contract is between Plaintiff and Tepco, B.V., the two shareholders of Waltepco Holding Company in mid-2003. Defendants in an action on a contract must be the parties obligated to perform under the Contract. *Nachbar v. Duncan*, 114 S.W.3d 421, 242 (Mo.App. 2003); *Calender v. City of Pine Lawn*, 2008 WL 276531 (E.D. Mo. 2008). Neither Defendant Neerhoff nor van Stipdonk were parties to the June 1, 2003 Shareholders Agreement.

Although Plaintiff now argues, again belatedly, that these defendants are sued as corporate representatives, such claim does not cure the Complaint's deficiencies. It is what it says, and Plaintiff's argument notwithstanding, the Complaint fails to state a cause of action against Defendants for breach of contract.

**Conspiracy**

Defendants are correct. Failure to state an underlying cause of action is fatal to Plaintiff's conspiracy Count. "If the underlying wrongful act alleged as part of a civil conspiracy fails to state a cause of action, the civil conspiracy claim fails as well." *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 586 (Mo.App. 2008); *Lacy v. Gray,* 2013 WL 3766567 (E.D. Mo. 2013). Count III must therefore be dismissed.

Considering the above analysis, Plaintiff's Complaint fails to set forth sufficient allegations to state claims against Defendants. The Court, therefore, concludes that the Motion to Dismiss is well taken.

**Motion for Sanctions**

Defendants seek sanctions against Plaintiff for his filing this action when Defendants claim Plaintiff's Complaint is not warranted by existing law and are presented for the improper purpose of harassing Defendants and needlessly increasing their costs of litigation. The Court is unpersuaded. A review of the pleadings establish that Plaintiff, a *pro se* litigant has a firm and genuine belief that Defendants committed the alleged wrongs contained in the Complaint. Although Plaintiff's Complaint cannot withstand Defendants' challenges, such fact does not also establish Defendants' ulterior motive theory. Based upon the

pleadings before the Court, the Court cannot conclude that Plaintiff has run awry of Rule 11. The Motion for Sanctions will be denied.

**Conclusion**

Based upon the foregoing analysis, Plaintiff's Complaint fails to state a cause of action and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim, [Doc. 8], is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions, [Doc. No. 10], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Counterclaim in this matter remains for further proceedings.

Dated this 10th day of March 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE