# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY RICE, | ) |
|       Plaintiff, | ) ) ) |
|    vs. | )   Case No. 4:13CV1171 HEA ) |
| INTERFOOD, INC, et al., | ) ) |
|       Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants=/Counterclaim Plaintiffs' (hereinafter Defendants), Motion for Summary Judgment on their Counterclaim for Breach of Contract, [Doc. No. 61], and Plaintiff's Motion for Summary Judgment on Defendants' Counterclaim, [Doc. No. 78]. A hearing on these motions was held on January 21, 2015. For the reasons set forth below, Defendants' Motion is granted and Plaintiff's Motion is denied.

Defendants filed their counterclaim seeking damages for Plaintiff's breach of a Settlement Agreement and Release entered into by the parties. The Agreement contains a release and covenant not to sue each of the Interfood Parties. Defendants seek attorneys' fees as damages for the breach. In relevant part, the Settlement Agreement provides:

˘ 1 ˘

The Settlement Agreement and Release provides as follows:
The parties hereby fully and completely release and covenant not to sue one another on all actual or potential claims between the parties based upon any fact that existed on December 11, 2009, the date on which the settlement agreement was executed. These mutual releases and covenants not to sue cover the parties, their subsidiaries and affiliates, their successors and assignees, and their officers, directors, agents and employees.

Plaintiff's Complaint alleged the following:

Interfood, Inc. was incorporated in Delaware in September 2006 by Steven E. Pozaric. Interfood is a wholly owned subsidiary of Interfood Holding B.V. Holding was a foreign business entity formed and existing under the laws of the Netherlands. Holding is the sole owner and sole Director of Tepco, B.V. Tepco is a foreign business entity formed and existing under the laws of the Netherlands.

Tepco and Plaintiff were shareholders in Waltepco Holding Company, an Indiana corporation which owns 100% of an Indiana corporation formed in 1994 named Interfood, Inc. (Interfood-IN).

Since 1994, Interfood-IN has been in the business of the distribution, marketing, sourcing, and sale of milk, milk powders, milk protein concentrates, anhydrous milk fat and blends, buttermilk, butter, cheese, lactose, whey powders, whey protein concentrates, whey protein isolates, casein, caseinate, and other dairy goods, products, and ingredients. Since that time, Interfood-IN has provided a number of services, including acting as a broker of the dairy goods, acting as a trader

of the dairy goods, purchasing the dairy goods, and entering into contracts for the purchase of the dairy goods from suppliers and then sells the dairy goods at a profit.

Interfood is also engaged in the dairy business.

Tepco and Plaintiff entered into a "Shareholders Agreement" dated June 1, 2003, which requires anyone in the "Group" (Holding owned companies similar to Interfood around the world) who wishes to buy and/or sell something in the United States or Canada, or to buy and/or sell U.S. or Canadian products anywhere, to do so through Interfood-IN. The Shareholders Agreement gives Interfood-IN exclusive rights for the entire Group. The contract was signed by van Stipdonk representing Tepco and Jack Engels representing Holding.

After forming "Interfood, Inc." in Delaware, Neerhoff and van Stipdonk focused their efforts on establishing the business of the new company, Interfood Inc. of Delaware, which was a competitor of Interfood-IN in the dairy business, and diverted Interfood-IN's opportunities to Interfood, Inc. of Delaware in breach of their fiduciary duties as Directors of Interfood-IN, which they claimed to be.

Plaintiff alleged that he became aware of this alleged breach in early 2004 and tried to resolve them with van Stipdonk and Neerhoff.

The Complaint further alleged that in August 2006, the Interfood-IN board removed van Stipdonk as a director leaving Rice and Husmann as the entire board of

Interfood-IN, which filed suit in Franklin County, Missouri in March 2006 to stop alleged violations of the Shareholders Agreement.

On March 10, 2014, the Court granted Defendants' Motion to Dismiss for Failure to State a Claim. The Court found that Count I was barred by the applicable statute of limitations. Count II was dismissed because Defendants were not parties to the Shareholders Agreement which Plaintiff alleged was breached. Count III, the conspiracy count, was dismissed because there was no viable underlying cause of action.

Defendants seek summary judgment on their counterclaim arguing they are entitled to their attorneys' fees as damages for Plaintiff's filing of his action, in violation of the Settlement Agreement and Release, which contained the covenant not to sue one another on all actual or potential claims between the parties based on any fact that existed on December 11, 2009.

Initially, Plaintiff argues that Defendants' Motion should be denied because the record establishes that there has been no breach of the covenant not to sue. Plaintiff's argument, however, is belied by his pleading. Relying on the single phrase found in the Complaint, "starting in at least 2009, Defendants conspired. . .," Plaintiff argues that his claims are outside the perimeters of the Settlement Agreement, and therefore there has been no breach of the covenant not to sue. This

phrase, however, can be interpreted as encompassing time *prior* to 2009, and further, all of 2009 prior to December 11, 2009, the end date of the covenant. The actions detailed in Plaintiff's complaint, and of which Plaintiff complains, clearly establish that Plaintiff's claims rest on actions which occurred prior to December 11, 2009.

With respect to Defendants' claim for attorneys' fees as damages for Plaintiff's breach of the agreement in filing this action, Plaintiff confuses the "American Rule" and Defendants' prayer for their damages, which happen to be the attorneys' fees incurred in bringing this action to enforce the covenant not to sue.

While the Court agrees that the American Rule, which provides that each party pays its own fees and costs absent a specific statutory or contractual provision, *Monarch Fire Protection v. Freedom Consulting*, 678 F. Supp. 2d 927, 938 (E.D. Mo. 2009), ordinarily precludes an award of attorneys' fees to a prevailing party, the philosophical basis for the Rule is not applicable in this breach of the covenant not to sue action now before this court. Attorney's fees fall within the category of "costs of litigation" and not damages. In the instant matter however, the attorneys' fees *are* the damages for Plaintiff's breach of the Agreement. *Dallas Gas Partners, L.P. v. Prospect Energy Corp*, 733 F.3d 148, 158-9 (5th Cir. 2013).

Furthermore, even assuming that the attorneys' fees were not actual damages incurred as a result of the breach of the covenant, the attorneys' fees in this action

fall within the exceptions to the American Rule.

> A successful litigant may be awarded attorney fees under one of the exceptions to the American Rule if the litigant demonstrates the existence of special circumstances surrounding the litigation. *Grewell v State Farm Mut. Auto Ins. Co.*, 162 S.W.3d 503, 507 (Mo.App.W.D. 2005). Some examples of special circumstances include "where very unusual circumstances exists so it may be said equity demands a balance of the benefits" and "where the attorney fees are incurred because of involvement in collateral litigation." *Lett v. City of St. Louis*, 24 S.W.3d 157, 162 (Mo.App.E.D. 2000).

*Motor Control Specialties, Inc. v. Labor and Indus. Relations Com'n*, 323 S.W.3d 843, 854 (Mo.App.W.D. 2010). Moreover, it is not necessary that there be a showing of third-party litigation. "Collateral litigation with a third-party is not mentioned, but rather collateral litigation as a 'natural and proximate' result of a wrong or breach of duty is required for the exception." *Id.*, at 855. The counterclaim for breach of the covenant not to sue was brought as a "natural and proximate" result of Plaintiff's bringing the original action, and therefore an exception to the American Rule applies. The attorneys' fees requested as damages herein were incurred because of need to bring the counterclaim. Defendants' Motion for Summary Judgment on their counterclaim will be granted.

Defendants seek a total of $90,615.81 in fees and costs. Defendants, however, have not detailed these fees and costs such that the Court can determine the reasonableness of the fees and costs. To do so, the Court requires a more detailed documentation of the rate at which the fees are billed, the subject matter of the

charges and the amount of time per task. Plaintiff will be given an opportunity to file any objections to the amount of attorneys' fees submitted to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc.61], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 78], is denied.

**IT IS FURTHER ORDERED** that Defendants shall, within 14 days from the date of this Opinion, Memorandum and Order, submit a detailed statement of the rates, times expended and subject matter of their attorneys' fees to the Court for review.

**IT IS FURTHER ORDERED** Plaintiff shall, within 7 days from the filing of Defendants' statement, file any objections he may have.

Dated this 23rd day of January, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE