IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LARRY RICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:13CV1171 HEA |
| | ) | |
| v. | ) | |
| | ) | |
| INTERFOOD, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Alter or Amend Judgment to include an Attorney's Fee award, [Doc. No.143]. Plaintiff opposes the motion. The motion is well taken, and therefore will be granted.

In its Opinion, Memorandum and Order of January 23, 2015, the Court granted Defendants' motion for summary judgment on their claim for damages resulting from Plaintiff's breach of a covenant not to sue. The Court ordered Defendants to submit a statement of their attorneys' fees for the Court's review. The Court found in the January 23, 2015 Opinion that Defendants' damages are their attorneys' fees incurred in bringing their counterclaim against Plaintiff. After the submission of the itemized statement of attorneys' fees, the Court entered judgment without the inclusion of an attorney fee award. Defendants now ask the Court to amend the Judgment to include the award.

Although Plaintiff has filed a pleading entitled "Reply in Opposition to Defendants' Motion to Alter Judgment," the document is in effect a re-argument of Plaintiff's opposition to the entry of summary judgment in Defendants' favor. Plaintiff does not dispute the amount sought or the reasonableness of the submitted billing rates. The Court has previously articulated its reasoning for granting Defendants' Motion for Summary Judgment and will not reiterate that rationale here. Plaintiff has presented nothing new to establish that he is entitled to reconsideration of the ruling.

The Court therefore must determine what the amount of an attorneys' fee award should be. To determine reasonable attorneys' fees, "the most useful starting point is ... the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433. This calculation is referred to as the "lodestar approach." See, e.g.*, Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). There is a strong presumption that the lodestar calculation represents a reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

The Court must determine a reasonable hourly rate. "[D]etermining an appropriate 'market rate' for the services of a lawyer is inherently difficult." *Blum*, 465 U.S. at 495, fn. 11. "Where an attorney requesting fees has well-defined billing rates, those rates can be used to help calculate a reasonable rate for a fee award." *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988).

Defendants have submitted a detailed billing which identifies the attorney performing the task, the amount of time expended, multiplied by the hourly rates for each attorney, and the legal task performed. While it appears to the Court, based on each attorney's experience, it also appears from this billing that several attorneys performed some of the same tasks, for example, analysis of certain pleadings and strategy. The Court is of the opinion that double or triple billing for conferences between attorney and analyzing strategy by several attorneys exceeds the notion of "reasonable." The Court will therefore reduce the fee request submitted by defense counsel by 15%. Counsel requests a total award of $92,349.10. This amount reduced by 15% leaves a reasonable fee of $78,496.74.

## Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Alter or Amend Judgment, [Doc. No. 143], is granted.

**IT IS FURTHER ORDERED** that Defendants are awarded $78,496.74 in attorneys' fees as damages resulting from the need to file their counterclaim.

An Amended Judgment will be entered this same date.

Dated this 22nd day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE