UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LARRY RICE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:13CV1171 HEA |
| ) | |
| **INTERFOOD, INC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **DF INGREDIENTS, INC.,** ) | |
| ) | |
| **Garnishee/Respondent.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants/Counterclaimant Plaintiffs/Judgment Creditors' Verified Motion for Entry of Default Judgment against DF Ingredients, Inc., [Doc. No. 198].  On October 20, 2022, the Court entered its show cause order to DF Ingredients to show cause why the Motion for Entry of Default Judgment should not be entered.  On October 31, 2022, Michael Husmann, President of DF Ingredients filed a "Reply" to the show cause order indicating that he knew nothing about the case and that he did not handle Wage garnishments.  He also indicated he could not represent the company.

Garnishee/Respondent DF Ingredients, Inc. has failed to show cause why the

default judgment should not be entered.

On June 22, 2017, this Court entered Judgment in favor of defendants and against plaintiff on all counts in this matter.   Defendants were awarded $78,496.74 in attorneys' fees.

Defendants had plaintiff's employer DF Ingredients, Inc. served with a writ of execution and interrogatories for a garnishment against plaintiff's wages on August 6, 2018. DF Ingredients, Inc. did not respond to the interrogatories, nor did it present any basis for this failure.

Defendants have verified for the Court that on January 19, 2020, defendants made a good faith attempt to resolve this matter. No funds have been recovered from any source to be credited towards the judgment.

Rule 69 of the Federal Rules of Civil Procedure provides:

A money judgment is enforced by a writ of execution, unless the Court directs otherwise.   The procedure on execution…must accord with the procedure of the state where the court is located…

R.S.Mo § 525.140 provides:

Upon the filing of the interrogatories aforesaid, the garnishee shall exhibit and file his answer thereto, on oath, within six days thereafter, if the term shall so long continue, if not, during such term, unless for good cause shown the court shall order otherwise. In default of such answer, the plaintiff may take judgment by default against him, or the court may, upon motion, compel him to answer by attachment of his body; provided, in all cases where the garnishee is a corporation and fails to answer as above provided, the court may, upon motion, compel said corporation to answer by attaching the body of the president, secretary, treasurer, auditor, paymaster or deputy paymaster of such corporation, in which case the said corporation shall be

liable for all the costs accruing by reason of such attachment.

Defendants have verified that they attempted to resolve the issue with DF Ingredients prior to filing their motion on January 19, 2022 and again on February 16, 2022.   DF Ingredients, Inc. has failed to comply with the Court's orders contained in the garnishment pleadings.

Generally, a plaintiff is entitled to a judgment against the defaulting garnishee in the amount of plaintiff's non-exempt wages and property garnishee is holding or should have been withholding since the writ was executed. *Northwest Professional Condominium Ass'n v. Kayembe*, 190 S.W.3d 447 (Mo.App.E.D. 2006). Defendants are entitled to judgment, however, the amount of the judgment is unascertainable because of Garnishee's failure to respond to the interrogatories.

Accordingly,

**IT IS HEREBY ORDERED** that the Verified Motion for Entry of Default Judgment is granted.

A separate judgment in accordance with this Opinion is entered this same date.

Dated this 7th day of November, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTICT JUDGE